**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DONNAMARIA BROWN,**

                        **Plaintiff,**

v.                                                                                                  **12-CV-0251A(Sr)**

**ERIE COUNTY, et al.,**

                        **Defendants.**

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #17.

By Decision and Order entered March 8, 2013, Judge Arcara granted, in part, defendant's motion to dismiss, allowing plaintiff's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), to proceed. Dkt. #16.

The complaint alleges that on February 22, 2008, plaintiff, an African American woman employed as a licensed practicing nurse at the Erie County Holding Center, complained of discrimination and harassment by Erie County Undersheriff Brian Doyle and Nursing Supervisor Cecilia Kohlmeier at the Erie County Holding Center, after they allegedly berated plaintiff and a coworker regarding false allegations of fighting, unprofessional conduct and numerous mistakes in their work and Ms.

Kohlmeier accused plaintiff of playing the race card.  Dkt. #1.  On June 10, 2008, the Professional Standards Division found it more likely than not that a violation of the Erie County Sheriff's Office Policy Prohibiting Harassment, Discrimination and Retaliation did occur.  Dkt. #1 & Dkt. #1-1, p.6.  On June 18, 2008, plaintiff was questioned about an incident on April 8, 2008 in which a coworker's personal jar of Vaseline was contaminated with rubbing alcohol.  Dkt. #1.  On July 25, 2008, following a disciplinary hearing, plaintiff was terminated for her involvement in the April 8th incident. Dkt. #1.  Plaintiff alleges that the accusations regarding the April 8th incident were in retaliation for her February 22, 2008 complaint of discrimination. Dkt. #1.

Currently before the Court is the following discovery dispute.

**Allegations of Retaliation by Other Employees**

Plaintiff's Document Demand No. 2 seeks "[a]ny and all documents relating to any employee of defendant who worked at the Holding Center who was discharged, disciplined, or moved to another job assignment, other than promotion, for any reason within six months after that employee filed any type of complaint about discrimination."  Plaintiff's Interrogatory Demand No. 2 seeks the name, address, employment history, date of claim of retaliation, summary of the claim of retaliation, description of action taken with respect to the claim of retaliation and a copy of the complaint of discrimination.  Plaintiff's Interrogatory Demand No. 3 seeks the name, address, race, employment history, date and nature of complaint and reason that any employee was discharged, disciplined or moved to another job assignment, other than a promotion, for any reason within six months after any complaint of discrimination.

-2-

Defendant objects to the document demand and interrogatories as overly broad, unduly burdensome and oppressive and seeking information that is not relevant or material and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that she is entitled to information relating to any other instances of possible retaliation that occurred at the Erie County Holding Center from January 2001 to the present because such information could identify potential comparators and establish motive and pretext.

The Court agrees that this discovery request is overly broad, unduly burdensome and unlikely to lead to the discovery of information relevant to plaintiff's claim of termination in retaliation for her complaint of discrimination.  Accordingly, defendant's objections are sustained.

**Investigative File re: Complaint of February 22, 2008**

Plaintiff's Document Demand No. 6 seeks "[a]ny and all documents related to all investigations conducted as a result of plaintiff's claim or allegation of discrimination" dated February 22, 2008.

Defendant objects to the document demand as seeking information protected from discovery by the attorney-client privilege and protected as attorney work product or material prepared in anticipation of litigation. Defendant also objects on the ground that plaintiff's discrimination claim was dismissed from this action.

Plaintiff claims that the investigation of Undersheriff Doyle as part of her complaint of discrimination caused Undersheriff Doyle to terminate plaintiff and notes that there is no indication that the internal investigation by the Sheriff's Professional Standards Division involved legal counsel.

Defendant argues that the fact that plaintiff commenced litigation with respect to her complaint justifies classification of these documents as prepared in anticipation of litigation. Defendant also argues that it is not waiving its claim of privilege by asserting a *Faragher-Ellerth* defense.

"The attorney work product doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (internal quotation omitted). Work product is prepared in anticipation of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *U.S. v. Adleman*, 134 F.3d 1194, 1202 (2d Cir. 1998). The party asserting the privilege bears the "heavy burden of establishing its applicability." *In re Grand Jury Supoena,* 510 F.3d at 183.

As defendant has proffered no suggestion that counsel was involved in the investigation into plaintiff's February 22, 2008 complaint, or that defendant anticipated litigation at that point in time, it has failed to demonstrate that the investigation is privileged. *Cf. Farzan v. Wells Fargo Bank,* No. 12 Civ. 1217, 2012 WL

6763570, at *2 (S.D.N.Y. 2012) (EEO consultant's internal investigation, conducted under the supervision of defendant's legal department after plaintiff filed charge of discrimination with EEOC, qualified for protection); *Geller v. North Shore Long Island Jewish Health Sys.*, No. CV 10-170, 2011 WL 5507572, at *2 (E.D.N.Y. Nov. 9, 2011) (defendants produced investigative documents created by corporate compliance officer prior to retention of counsel; dispute was whether portion of investigation conducted after plaintiff's attorney threatened litigation and defense counsel was retained and assumed authority over ongoing investigation was protected by attorney-client and/or work product privileges). As a result, defendant is ordered to produce, within 10 days of the filing of this Decision and Order, any document prepared during the investigation of plaintiff's complaint of discrimination dated February 22, 2008.

**Criminal Investigation of April 8, 2008 Investigation**

Plaintiff's Document Demand No. 10 seeks "[a]ny and all documents related to any investigation that took place as a result of plaintiff's alleged 'lack of professionalism'" and plaintiff's Document Demand No. 11 seeks "[a]ny and all documents related to the April 8, 2008 Vaseline incident."

Defendant objects to the document demand as seeking information protected from discovery by the attorney-client privilege and protected as attorney work product or material prepared in anticipation of litigation, as well as seeking information that is not relevant or material and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that although it appears that defendant has produced documents relating to the administrative investigation performed by the Professional Standards Division with respect to the incident of April 8, 2008, defendant has not produced any documents relating to the criminal investigation that preceded the administrative investigation, despite acknowledging possession of the file. Plaintiff argues that this investigation will shed light on what evidence Undersheriff Doyle knew or could have known before deciding to terminate plaintiff. Plaintiff further argues that there is no public interest "in protecting the subject of a criminal investigation referred to the Sheriff's Office by the Sheriff's Office into the action of an employee of the Sheriff's office, especially where nothing was substantiated in the investigation and the subject is the one requesting the documents."

Defendant argues that the statements of witnesses during criminal investigations are ordinarily privileged under New York law so as to encourage witnesses to provide information in criminal investigations.

"Because the underlying action is governed by federal law, privileges asserted in connection therewith are governed 'by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.'" *Brown v. Matias*, 102 F.R.D. 580 (S.D.N.Y. 1984), *quoting* F.R.E. 501. Thus, the public interest privilege recognized by New York State courts is not binding in this civil action involving a federal statutory claim. *Agran v. City of New York*, No. 95 Civ. 2170, 1997 WL 107452, at * 2 (S.D.N.Y. March 11, 1997).  In any event, defendant has not demonstrated that the public interest would be jeopardized by the

disclosure of the contents of this criminal investigation. *Cirale v. 80 Pine St. Corp.*, 35 N.Y.2d 113, 119 (1974). Defendant does not, for example, proffer that the sources of the information gleaned during the criminal investigation had any expectation of confidentiality in their communications with their employer regarding a fellow employee or that their investigation progressed beyond defendant to involve the District Attorney or Grand Jury. *Cf. Sanchez v. City of New York*, 201 A.D.2d 325, 326 (1st Dep't 1994) (statements made by a witness to the District Attorney's office are protected by the public interest privilege and treated in the same manner as Grand Jury testimony so as to encourage witnesses to come forward and provide information in criminal investigations carried out by the District Attorney's office without fear that the information will be disclosed). Moreover, plaintiff proffers that the criminal investigation file is in defense counsel's possession while witness statements obtained during the criminal investigation remain unavailable to plaintiff because, at deposition, those witnesses could not recall their statements. *See Melendez v. City of New York*, 109 A.D.2d 13, 21 (1st Dep't 1985) (statement taken by District Attorney during criminal investigation subject to public interest privilege requiring a balancing of the litigant's need for production against the potential harm from such disclosure). Therefore, defendant shall produce, within 10 days of the filing of this Decision and Order, any document prepared during the investigation into the April 8, 2008 Vaseline incident.

**SO ORDERED.**

DATED:    Buffalo, New York
          January 21, 2015

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**